UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN G.,

                      Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

**DECISION AND ORDER**

6:22-cv-06530 CDH

## BACKGROUND

Plaintiff John G. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.  (Dkt. 1). On June 14, 2023, Plaintiff filed his motion for judgment on the pleadings.  (Dkt. 10).  The Commissioner responded on August 14, 2023.  (Dkt. 12). Those motions remain pending and will be resolved in due course.

On February 18, 2025, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death form.  (Dkt. 15).  On November 8, 2023, counsel filed a motion to substitute party requesting that this Court issue an order substituting Hayley E., Plaintiff's daughter, for Plaintiff.  (Dkt. 16).  The Commissioner responded and deferred to the Court to make a decision on Plaintiff's motion. (Dkt. 18).  The matter was transferred to the undersigned on October 2, 2025. (Dkt. 19).

**DISCUSSION**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

## I.   Survival of Claims

The Social Security Act (the "Act") expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which he is entitled, such benefits will be distributed to his survivors according to a statutorily established priority. 42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Under certain circumstances, such payments can be made to a child or children left following the death of the deceased individual. 42 U.S.C. § 404(d)(2). Here, at the time of his death, Plaintiff was not married and was survived by his three children, one of whom is requesting to be substituted for Plaintiff. (Dkt. 16-1 at ¶ ¶ 4-6). Therefore, Plaintiff's Title II claim survived his death.

Plaintiff has also filed an application for benefits under Title XVI of the Act, which, under the regulations, extinguishes when a deceased individual was an adult and had no surviving spouse at the time of his death. 20 C.F.R. § 416.542(b)(4).

Because Plaintiff was not married at the time of his death, his Title XVI claim extinguished upon his death.

## II.   Timeliness of Motion

The Federal Rules of Civil Procedure provide that a motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted). Here, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death form on February 18, 2025. (Dkt. 15). Since the instant application was filed within the ninety-day window on May 17, 2025, the Court finds it timely filed.

## III.   Proper Party for Substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow v*, 2010 WL 4699871, at *2. Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13. "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the

motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted); N.Y. E.P.T.L. § 1-2.5 ("A distributee is a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution."). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*, 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow*, 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York*, No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Plaintiff's counsel asserts that Plaintiff did not have a will at the time of his death and did not have an estate to be probated. (Dkt. 16 at 1-2; Dkt. 16-1 at ¶ 3). Plaintiff was not married at the time of his death and was survived by three children, one of whom—Hayley E.—is requesting to be substituted for Plaintiff while the other two children have expressed that they do not want to be involved in their father's appeal. (Dkt. 16 at 2; Dkt. 16-1 at ¶ ¶ 4-6). Counsel submits that Plaintiff's daughter

is a proper party for substitution under the Act and should be substituted for Plaintiff as his successor.  (Dkt. 16 at 2-3).

The Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of priority.  *See* 42 U.S.C. § 404(d).  Here, Plaintiff died intestate and left no significant assets.  (Dkt. 16-1 at ¶ 3).  He was not married at the time of his death and, therefore, is not survived by a spouse.  However, he was survived by three children who may be eligible to receive Plaintiff's past-due benefits, if any, as his distributees.  42 U.S.C. § 404(d)(2); *see also* N.Y. E.P.T.L. § 4-1.1(a)(3).  Plaintiff's daughter—Hayley E.—is requesting to be substituted for Plaintiff, while Plaintiff's two sons have indicated that they had been estranged from their father and, as such, do not want to be involved in the instant action. (Dkt. 16-1 at ¶ 5).  As such, the Court is satisfied that Hayley E. is a proper party for substitution to represent Plaintiff's claim as his "successor".

## CONCLUSION

Plaintiff's motion for substitution (Dkt. 16) is granted.  The Clerk of Court is instructed to amend the case caption and substitute Hayley E. for Plaintiff.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:      March 16, 2026
            Rochester, New York